J3y the Court.
This motion brings before us for construction the tenth section of the act of April 18, 1870, ■amendatory of the act of May 1, 1854, providing against the evils resulting from the sale of intoxicating liquors. The particular clause requiring construction reads as follows: •“ And all contracts whereby any building or premises shall be rented or leased, and the same shall be used or occupied, in whole or in part, for the sale of intoxicating liquors, shall he void, and the (lessee) person or persons renting or leasing said building or premises, shall, on and after the selling •or giving intoxicating liquors as aforesaid, be considered .and held to he in possession of said building or premises.”
As we understand these provisions, the existence of two conditions is necessary to render such contracts void: 1. 'The building or premises must have been rented or leased for the sale of intoxicating liquors ; 2. The leased property must be used or occupied for that purpose. The mere use •or occupation of the property for such purpose by the tenant is not enough. Such use must have been contemplated in the making of the lease. Nor is it enough that such use was contemplated at the making of the contract by the tenant only. It must have been known to the lessor. It is true, the words “ rented or leased ” may be used in two •senses. It is said that a landlord rented or leased his lands •to his tenant, and, with almost equal propriety, it may be *355 said that the tenant rented or leased an estate from Ms landlord. As used in these clauses of the statute, the lessor is the actor. It is the lessor, and not the lessee, who is “ to be considered and held to be in possession ” “ on and after tbe selling or giving intoxicating liquor as aforesaid.” Tbis construction not only harmonizes tbe different provisions of tbe statute, but renders them eminently just and proper. Tbe guilty lessor takes nothing by bis contract, while tbe innocent is protected in bis rights. These provisions do not declare a forfeiture for crime, but do declare contracts made in contravention of tbe policy of tbe statute void. It would require tbe most explicit terms to justify tbe conclusion that tbe legislature intended to deprive a lessor, wbo has not offended against tbe policy of tbe law in thought or deed, of tbe benefits of bis contract, or to place him at tbe mercy of evil-disposed or discontented tenants. Under tbis statute, a contract of lease, void as to one, is void as to all tbe contracting parties. No election to rescind is given to tbe lessor; as soon as tbe conditions which avoid tbe contract happen, be shall be considered and beld to be in possession. These provisions of tbe statute do not apply to tbe contract between these parties.
Tbe judgment of tbe justice of tbe peace was properly reversed.

Motion overruled.